UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrea Olsson<br><br>                    Plaintiff,<br><br>v.<br><br>Scott County Abstract & Title, Inc.,<br>Carver County Abstract & Title, Inc.,<br>D & D Title Services, Inc., Nickolas<br>Moonen, Sue Malz,<br><br>                    Defendants. | Civil Action No.<br><br><br>COMPLAINT<br>(Jury Trial Demanded) |

Plaintiff Andrea Olsson ("Ms. Olsson") for her Complaint against Defendants, Scott County Abstract & Title, Carver County Abstract & Title, Nickolas Moonen, Sue Malz (collectively the "Defendants"), states and alleges as follows:

**PARTIES**

1.    Plaintiff, at all times material hereto, was a resident of the City of New Prague, residing at 460 Lucy Street, in the State of Minnesota.

2.    Scott County Abstract and Title, Inc. ("SCA&T") is a Minnesota corporation with its registered office located at 223 South Holmes Street in the City of Shakopee, County of Scott, State of Minnesota.

3.      Carver County Abstract and Title, Inc. ("CCA&T") is a Minnesota corporation with its registered office located at 411 Chestnut Street in the City of Chaska, County of Carver, State of Minnesota.

4.      D & D Title Services Inc. is a Minnesota corporation with its registered office located at 223 Holmes Street in the City of Shakopee, County of Scott, State of Minnesota.

5.      Nickolas D. Moonen ("Mr. Moonen"), at all times material hereto, was a resident of the City of Prior Lake, residing at 1563 NW Belmont in the State of Minnesota.

6.      Susan Malz ("Ms. Malz"), at all times material hereto, was a resident of the City of Jordan, residing at 101 Meadow Wood Court in the State of Minnesota.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the claims asserted in this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2

7.     Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district and as Defendants maintained offices, transacted business and/or resided within this jurisdiction.

## STATEMENT OF FACTS

8.     SCA&T, CCA&T and D & D Title Services Inc. operated as the joint employer of Plaintiff in the title insurance industry and were engaged in interstate commerce within the meaning of the FLSA in that the joint venture (i) has employees engaged in commerce and in the communication of information across state lines; and (ii) has an annual gross volume of sales of not less than $500,000.

9.     The FLSA requires that employees of qualified employers who work more than 40 hours a week must be paid overtime pay at the rate of one and one half times their regular or lawful hourly rate.

10.     Plaintiff regularly worked over 40 hours a week while employed with Defendants SCA&T and CCA&T and was not paid overtime wages.

11.     Mr. Moonen is an owner and the Chief Executive Officer of Defendants SCA&T, CCA&T and D & D Title Services Inc. and exercises significant control over the Defendant companies' operations in that he has the

power to hire and fire employees, the power to determine salaries, and exercises

daily operational control over the Defendant companies.

12.    Ms. Malz is an owner of SCA&T, CCA&T and D & D Title Services

Inc. and exercises significant control over the Defendant companies' operations

and the Defendant companies' day-to-day functions .

13.    Upon information and belief, SCA&T, CCA&T and D & D Title

Services Inc. failed to keep records of the hours worked each day by Plaintiffs in

violation of Minn. Stat. §177.30(a).

14.    On or about October, 2012, Plaintiff was hired by SCA&T, CCA&T

and D & D Title Services Inc. and in February, 2013, began to work as Real Estate

Closer.

15.    Plaintiff executed an employment agreement purportedly effective

October 28, 2013, which established SCA&T, CCA&T and D & D Title Services Inc.

as her joint employers.

16.    Prior to  signing this agreement, Plaintiff was paid overtime for the

hours worked in excess of 40 hours per week, and after the agreement was

executed SCA&T, CCA&T and D & D Title Services Inc. ceased paying overtime

to Plaintiff.

17.     Plaintiff, in her role as a Real Estate Closer with SCA&T, CCA&T and D & D Title Services Inc. was responsible for real estate closing files through the closing of the transaction.

18.     Plaintiff's duties at SCA&T, CCA&T and D & D Title Services Inc. included performing some or all of a variety of tasks including: (i) having direct contact with customers; (ii) quoting fees for title insurance; (iii) preparing the buyer's and seller's closing statements; (iv) insuring all closing documents are properly prepared; and (v) upon closing of a file, disbursing all funds to seller, lender, realtor, and other appropriate parties.

19.     Plaintiff was paid on a salary basis and was additionally eligible for a commission on some files that she closed.

20.     From November 2013 through the date of the termination of her employment, Plaintiff worked in excess of 50-60 hours on average per week often times having to begin her day in the very early morning and keep going throughout the day, with substantial transportation required.

21.     Despite having an obligation to pay overtime for any and all hours worked in excess of 40 hours per week, Plaintiff was not paid overtime, though she did raise the issue with Defendants Moonen and Malz between December 2015

and January 2016. Defendants Moonen and Malz continued to require Plaintiff to work in excess of 40 hours per week without the additional compensation required by the FLSA.

22.    During this time period, Plaintiff routinely was required and mandated to work in excess of 40 hours, and despite repeated requests for payment of overtime, Defendants failed and refused to pay overtime despite a lawful and legal obligation to do so.

23.    Although Defendants continued to refuse to pay the overtime due the Plaintiff, on or about September 9, 2016, the parties entered into a new employment agreement that required Defendants SCA&T, CCA&T and D & D Title Services Inc. to pay Plaintiff the overtime pay required by law.

24.    Included in the September 9, 2016 agreement was a promise by Defendants to review and increase Plaintiff's pay within 30 days of January 1, 2018. Defendants promptly breached this new Employment Agreement by refusing and failing to review the Plaintiff and increase her pay within the time periods set forth in the Employment Agreement.

25.    Accordingly, in response to the continual failure to meet federal law, state law, and the flagrant breach of the Employment Agreement, on or about

February 22, 2018, Plaintiff announced her resignation from SCA&T, CCA&T and

D & D Title Services Inc., with her last day of work being March 21, 2018.

26.     Plaintiff was forced to quit her job and seek new employment because

of the unlawful and illegal actions of the Defendants herein, and as recourse for

the Defendants' breach of contract.

27.     Defendants were immediately concerned, upon the Plaintiff resigning

her position, that they were liable for not only breach of contract, but for significant

unpaid wages, overtime, penalties, interest, and attorney's fees.

28.     In an obvious effort to avoid this liability and intimidate the Plaintiff,

Defendants sent communications to the Plaintiff threatening her with legal action

in an attempt to prevent her from exercising her legal rights, or finding

replacement employment.  Defendants have been repeatedly informed by the

Plaintiff, and were informed formally by Plaintiff's counsel on April 5, 2018, that

Defendants' true liability and motivation was the outstanding significant liability

that Defendants had to the Plaintiff for unpaid wages, overtime, penalties, interest

and attorney's fees.

29.     Despite repeated demands for payment of outstanding wages, Defendants failed and refused to pay Plaintiff the amounts to which she is lawfully due.

30.     In retaliation for Plaintiff's demands for her rightful compensation and overtime pay, and motivated by an attempt to protect themselves from liability for unpaid wages in violation of federal and state law, SCA&T, CCA&T and D & D Title Services Inc. have falsely accused Plaintiff of being in violation of her employment agreements by her taking a position with All American.

31.     The purported employment agreement at issue calls for Olsson not to serve as a "proprietor, partner, investor, shareholder, director, officer, employee, consultant, independent contractor, or otherwise," within Scott, Carver, Rice, Le Seuer, and Sibley Counties Minnesota.

32.     All American Title Co., Inc. ("All American") is a Minnesota corporation, duly organized under the laws of the State of Minnesota, with its principal offices located at 2407 109th Avenue NE, in the City of Blaine, County of Anoka, State of Minnesota. All American has an office in the City of Edina, in Hennepin County, where Plaintiff is currently employed.

33.    Plaintiff is not, and has never been, in violation of any valid covenant not to compete.

34.    Defendants' have engaged in a concerted effort to interfere with Plaintiff's ability to maintain employment, earn a living, and to continue her professional career by accusing Plaintiff's new employer of tortiously interfering with the purported employment agreement.

35.    Defendants have also asserted, without evidence, that Plaintiff has violated a non-solicitation clause in her purported employment agreement.

36.    The purported employment agreement at issue states that Plaintiff will not "solicit the Companies' employees or Customers; disrupt, impair, or interfere with the business of the Companies."

37.    While one customer that had worked with Defendant companies during Plaintiff's tenure with the Defendants, Loomis Homes, has begun doing business with All American since Plaintiff left the employment of Defendants, Plaintiff never solicited business and as such is not in violation of this purported non-solicitation covenant.

38.    Scott Loomis, Chief Manager and Operation Manager of Loomis Homes, LLC made the decision to switch closing services providers because All

American was able to provide better services, and because Defendants Scott County Abstract & Title and Carver County Abstract & Title could not meet his business needs. (*See* Ex. A, Decl. of Scott Loomis.)

39.    According to Mr. Loomis, Plaintiff encouraged him to remain with Defendants Scott County Abstract & Title and Carver County Abstract & Title, but that the decision to move his business was a "no-brainer." (*Id.* ¶¶ 5-7.)

## COUNT ONE
## OVERTIME VIOLATION--FEDERAL FAIR LABOR STANDARDS ACT

40.    All previous paragraphs are re-alleged and incorporated by reference.

41.    SCA&T, CCA&T and D & D Title Services Inc., at all relevant times, were acting as joint employers of Plaintiff, and operating an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

42.    At all times relevant to this action, SCA&T, CCA&T and D & D Title Services Inc., were the employer of Plaintiff within the meaning of 29 U.S.C. § 203.

43.    At all times relevant to this action, Mr. Moonen and Ms. Malz exercised control over Plaintiff's employment with SCA&T, CCA&T and D & D Title Services Inc. in a manner that qualifies them as "employers" under the FLSA.

44.     SCA&T, CCA&T and D & D Title Services Inc., within the past three years, willfully failed to pay Plaintiff overtime compensation for each hour she worked in excess of 40 hours in a workweek in violation of the FLSA, 29 U.S.C. §207.

45.     Defendants' violations of the FLSA, as described herein, were willful and intentional.

46.     Plaintiff has suffered damages as a result of Defendants' failure to pay her overtime in an amount to be determined at trial, which damages, exclusive of penalties, interest and attorney's fees, are believed to be well in excess of $75,000.

47.     Plaintiff is entitled to recover from Defendants her unpaid overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to 29 U.S.C. §216(b), in an amount to be determined at trial, which penalties, interest and attorney's fees are estimated to be well in excess of $100,000, exclusive of the unpaid wages themselves referenced hereinabove.

## COUNT TWO
## Overtime Violation – Minnesota Fair Labor Standards Act

48.     All previous paragraphs are realleged and incorporated by reference.

49.     At all times material hereto, Defendants SCA&T, CCA&T, and D & D Title Services, Inc., were employers within the meaning of the Minnesota Fair Labor Standards Act, ("MNFLSA") Minn. Stat. § 177.21, et seq.

50.     At all times material hereto, Defendants SCA&T, CCA&T, and D & D Title Services, Inc., were the employer of the Plaintiff Andrea Olsson herein, within the meaning of the MNFLSA.

51.     That Defendants SCA&T, CCA&T, and D & D Title Services, Inc., failed to pay the Plaintiff overtime compensation for each hour she worked in excess of 40 hours in a work week, in violation of Minn. Stat. § 177.23.

52.     That as a result of the foregoing, the Plaintiff has suffered damages as a result of Defendants SCA&T, CCA&T, and D & D Title Services, Inc., failure to pay her overtime in an amount to be determined at trial, but which is reasonably believed to be in excess of $75,000.

53.     That as a result of the foregoing, Plaintiff is entitled to recover from Defendants SCA&T, CCA&T, and D & D Title Services, Inc., her unpaid overtime wages, and an additional equal amount as liquidated damages, reasonable attorney's fees, and costs, all pursuant to Minn. Stat. § 177.27, subd. 8, in an amount to be determined at trial, but believed to be in excess of $100,000.

## COUNT THREE
### Breach of Contract

54.     All previous paragraphs are re-alleged and incorporated by reference.

55.     Plaintiff and Defendants SCA&T, CCA&T and D & D Title Services Inc. entered into an employment agreement that required Defendants to review and raise Plaintiff's salary periodically, as described under the terms of the agreement.

56.     Defendants failed to perform as stated in the employment agreements, excusing further performance by Plaintiff.

57.     Defendants' breach of contract is not compensable through monetary damages, beyond those available through the above-referenced statutory claims.

58.     Plaintiff is therefore entitled, due to the breach of her employment agreement by Defendants, to consider the employment agreement void.

## COUNT FOUR
### Declaratory Judgment—Minn. Stat. § 555.01 *et seq.*

59.     All previous paragraphs are re-alleged and incorporated by reference.

60.     Plaintiff is being employed by All American, working out of All American's Edina offices.

61.     Defendants claim that Plaintiff is subject to, and in violation of, previous employment agreements.

62.     A justiciable controversy exists between Plaintiff and Defendants SCA&T, CCA&T and D & D Title Services Inc. regarding the parties' rights arising out of and related to the purported employment agreements between the parties.

63.     The Minnesota Uniform Declaratory Judgments Act, Minn. Stat. § 555.01 *et seq.* permits any party to a written contract to obtain a declaration of that party's rights arising under that contract, and to construe the contract either before or after the contract has been breached.

64.     The rights and obligations of the parties to the contracts, Plaintiff and Defendants SCA&T, CCA&T and D & D Title Services Inc., are in dispute and require a declaration of the enforceability of Defendants' purported employment agreements.

## COUNT FIVE
## Tortious Interference with Employment Contract.

65.     All previous paragraphs are re-alleged and incorporated by reference.

66.     Plaintiff, upon termination of her employment with Defendants, became employed by All American in a manner that was not in conflict with her employment agreement, even if that agreement were enforceable or in force at the time of her new employment.

67.     Defendants were informed that Plaintiff would be joining All American, and that the employment agreement in general, and the covenant not to compete in particular would not be enforceable against Plaintiff.

68.     Plaintiff has not violated any non-solicitation agreement that is in force.

69.     Knowing that Plaintiff could not be kept from being employed by All American, Defendants, without justification or right, nonetheless took concerted action to procure All American to terminate Plaintiff's employment contract with All American.

70.     Plaintiff has incurred damages in through loss of work time, incurring unnecessary attorney fees, and other damages to be proven at trial in an amount in excess of $50,000.

WHEREFORE, Plaintiff respectfully requests a judgment in her favor and against Defendants as follows:

1.     On Counts One, Two and Five, an award of damages in favor of Plaintiff and against all Defendants, jointly and severally, in an amount to be ascertained at trial.

2.     An award of penalties in favor of Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial.

3.     An award for all of Plaintiff's costs, attorney's fees and disbursements incurred in this litigation, on Counts One and Two, in an amount to be determined by the Court.

4.     A Declaratory Judgment determining that Plaintiff Olsson is not in violation of any valid agreement with respect to her employment with All American Title Co. Inc.

5.     Such other and further relief as the Court deems just and equitable.

Dated: July 18, 2018                    **CHESTNUT CAMBRONNE PA**


By /s/ Francis J. Rondoni

Francis J. Rondoni (121903)
Gary K. Luloff (0389057)
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401
612-339-7300
frondoni@chestnutcambronne.com
gluloff@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT

STATE OF MINNESOTA    )
                             ) ss.
COUNTY OF Scott    )

Plaintiff, Andrea Olsson, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


Dated: June ___, 2018
      July 18, 2018

_____
Andrea Olsson